**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TEXAS INWOOD GROVE APARTMENTS, L.P.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action: 4:12-cv-01723** |
| | § | |
| **ESSEX INSURANCE COMPANY, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT HOMELAND INSURANCE
COMPANY OF NEW YORK'S ORIGINAL ANSWER AND
<u>ORIGINAL COUNTERCLAIM</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Subject to its pending Motion to Dismiss or Alternatively, Motion for More Definite Statement, Defendant Homeland Insurance Company of New York ("Defendant" or "Homeland") files its Original  Answer to Plaintiff's Original Petition (hereafter "Complaint"[1]) and its Original Counterclaim, and respectfully shows the Court as follows:

## I.    FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim or cause of action against Homeland upon which relief can be granted.

---

[1]   Plaintiff's Original Petition was filed in the 133rd  Judicial District Court, Harris County, Texas and removed to this Court on June 8, 2012.

## II.    ANSWER

Subject to and without waiving the foregoing defense, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

### Discovery Control Plan

1.      The allegations in paragraph 1 of Plaintiff's Complaint do not require a response. To the extent it do, Defendant denies that the Texas Rules of Civil Procedure apply in this matter.

### Parties

2.      Defendant does not have sufficient information to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendant does not have sufficient information to admit or deny the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant does not have sufficient information to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant does not have sufficient information to admit or deny the allegations in paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint to the extent that Homeland is a New York corporation (and has its principal place of business in Canton, Massachusetts) and that it is an eligible surplus lines insurer in Texas.  All remaining allegations in paragraph 6 are denied or do not require a response.

7.      Defendant admits the allegations in paragraph 7 of Plaintiff's Complaint to the extent that Steadfast is a Delaware corporation (with its principal place of business in Illinois)

and that it is an eligible surplus lines insurer in Texas.  All remaining allegations in paragraph 7 are denied or do not require a response.

8.      Defendant does not have sufficient information to admit or deny the allegations in paragraph 8 of Plaintiff's Complaint.

### Jurisdiction

9.      The allegations in paragraph 9 of Plaintiff's Complaint do not require a response. To the extent it do, Defendant denies that this matter is governed by state court jurisdictional rules.

10.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint.

12.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies all the allegations in paragraph 13 Plaintiff's Complaint, except to the extent that Homeland is an eligible surplus lines insurer in Texas.

14.     Defendant denies all the allegations in paragraph 14 of Plaintiff's Complaint, except to the extent that Steadfast is an eligible surplus lines insurer in Texas.

15.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.

### Venue

16.     The allegations in paragraph 16 of Plaintiff's Complaint do not require a response.  To the extent it do, Defendant denies that this matter is governed by state court venue rules.

**Facts**

17.     Defendant admits the allegations in paragraph 17 of Plaintiff's Complaint only to the extent that certain property was insured under a primary commercial property insurance policy issued by Lexington, and under separate excess policies issued by the other insurers. Defendant denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits the allegations in paragraph 19 of Plaintiff's Complaint only to the extent that certain property was insured under a primary commercial property insurance policy issued by Lexington, and under separate excess policies issued by the other insurers. Defendant denies Plaintiff's allegation that there is one policy and further, does not have sufficient information to admit or deny the remaining allegations in paragraph 17 of Plaintiff's Complaint.

20.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations in paragraph 21 of Plaintiff's Complaint only to the extent that Hurricane Ike struck Texas on or about September 13, 2008 and that Plaintiff thereafter at some point in time filed a claim with Lexington.  The remaining allegations in paragraph 21 of Plaintiff's Complaint are denied.

22.     Defendant denies all of the allegations in paragraph 22 of Plaintiff's Complaint as to Homeland and Steadfast and Ironshore, and denies or does not have sufficient information to admit or deny the other allegations in paragraph 22 of Plaintiff's Complaint as to the other insurers, except to admit that a claim was submitted to Lexington relating to the Texas Inwood Grove apartments.

23.     Defendant denies all of the allegations in paragraph 23 of Plaintiff's Complaint as to Homeland and Steadfast and Ironshore, and does not have sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint as to the other insurers.

24.     Defendant denies all of the allegations in paragraph 24 of Plaintiff's Complaint as to Homeland and Steadfast and Ironshore, and denies or does not have sufficient information to admit or deny the other allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies all of the allegations in paragraph 25 of Plaintiff's Complaint as to Homeland and Steadfast and Ironshore, except that Defendant admits that insurers underlying the third layer of excess insurance exhausted their coverage.  Defendant denies the remaining allegations of paragraph 25 or does not have sufficient information to admit or deny some of the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies all of the allegations in paragraph 26 of Plaintiff's Complaint to the extent they are meant to apply to Homeland, Steadfast or Ironshore, and Defendant does not have sufficient information to admit or deny the allegations in paragraph 26 relating to specific dates listed, and further denies or does not have sufficient information to admit or deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies or does not have sufficient information to admit or deny the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint as to Homeland and Steadfast, except that Defendant admits that Homeland, Steadfast and Ironshore employed Randy Ison of J.S. Held as a building consultant.  Defendant denies the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint to the extent they are meant to apply to Steadfast or Homeland and further denies that there is one policy, and further denies or does not have sufficient information to admit or deny the remaining allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint to the extent they are meant to apply to Steadfast or Homeland and further denies that there is one policy, and further denies or does not have sufficient information to admit or deny the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

**Causes of Action:**

**<u>Causes of Action Against Essex, Homeland, Steadfast and/or Ironshore</u>**

51.     Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

**Breach of Contract**

52.     Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

**Noncompliance With Texas Insurance Code: Unfair Settlement Practices**

55.     Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint.

**Noncompliance With Texas Insurance Code: The Prompt Payment of Claims**

61.     Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

### Breach of the Duty of Good Faith and Fair Dealing

65.     Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

### Causes of Action Against Defendants Southwest and Commercial

### Noncompliance With Texas Insurance Code:  Misrepresentation Regarding Policy or Insurer

67.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 67 of Plaintiff's Complaint.

### Noncompliance With Texas Insurance Code:  Misrepresentation of Insurance Policy

68.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 68 of Plaintiff's Complaint.

69.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 70 of Plaintiff's Complaint.

### Fraudulent Misrepresentation

71.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 71 of Plaintiff's Complaint.

72.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 73 of Plaintiff's Complaint.

### Negligent Misrepresentation

74.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 74 of Plaintiff's Complaint.

75.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 75 of Plaintiff's Complaint.

76.    Defendant does not have sufficient information to admit or deny the allegations in paragraph 76 of Plaintiff's Complaint.

<u>**Causes of Action Against All Defendants**</u>

**Fraud**

77.    Defendant denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.    Defendant denies the allegations in paragraph 78 of Plaintiff's Complaint.

79.    Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.    Defendant denies the allegations in paragraph 80 of Plaintiff's Complaint.

81.    Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82.    Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

**Conspiracy to Commit Fraud**

83.    Defendant denies the allegations in paragraph 83 of Plaintiff's Complaint.

**Fraud by Nondisclosure**

84.    Defendant denies the allegations in paragraph 84 of Plaintiff's Complaint.

85.    Defendant denies the allegations in paragraph 85 of Plaintiff's Complaint.

86.    Defendant denies the allegations in paragraph 86 of Plaintiff's Complaint.

87.    Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.

**Knowledge**

88.    Defendant denies the allegations in paragraph 88 of Plaintiff's Complaint.

**Damages**

89.     Defendant denies the allegations in paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations in paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations in paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.     Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations in paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegations in paragraph 97 of Plaintiff's Complaint.

**Jury Demand**

98.     The allegations in paragraph 98 of Plaintiff's Complaint do not require a response.

**Written Discovery**

**Requests for Disclosure**

99.     The allegations in paragraph 99 of Plaintiff's Complaint do not require a response.  To the extent a response is required, Defendant denies that the Texas Rules of Civil Procedure apply in this matter.  (Furthermore, nothing was attached to Plaintiff's Complaint.)

**Requests for Production**

100.    The allegations in paragraph 100 of Plaintiff's Complaint do not require a response.  To the extent a response is required, Defendant denies that the Texas Rules of Civil Procedure apply in this matter.  (Furthermore, nothing was attached to Plaintiff's Complaint.)

**Interrogatories**

101.    The allegations in paragraph 101 of Plaintiff's Complaint do not require a response.  To the extent a response is required, Defendant denies that the Texas Rules of Civil Procedure apply in this matter.  (Furthermore, nothing was attached to Plaintiff's Complaint.)

**Prayer**

102.    Defendant denies that Plaintiff is entitled to the relief sought in its prayer paragraph.

### III.    AFFIRMATIVE DEFENSES

Without waiving the foregoing, and for further answer, Defendant asserts the following conjunctive and/or alternative affirmative defenses:

1.    Plaintiff's Complaint fails to state a claim or cause of action against Defendant upon which relief can be granted.

2.    Plaintiff's damages, if any, are the result of acts and/or omissions, fault, negligence, breach of contract, violation of statute, and/or breach of duty, by or of persons, entities, and/or parties over whom Defendant has no control and for whom Defendant has no legal responsibility.  Such acts and/or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiff.

3.    Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of its agents or representatives or employees.

4.    Defendant is entitled to submit issues of proportionate fault and/or proportionate causation in accordance with the Texas Civil Practice & Remedies Code for the percentage of responsibility assigned to each party by the trier of fact.

5.      Defendant denies that it breached its policy, violated any statutory or common law duty owed to Plaintiff, or committed fraud.

6.      Defendant denies that it violated the Texas Insurance Code.

7.      Defendant pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

8.      If Plaintiff has suffered any damages, it has failed to mitigate them, and Plaintiff's recovery, if any, must be reduced accordingly.

9.      Plaintiff failed to exercise reasonable care to avoid and mitigate the damages it seeks to recover herein, which damages Defendant disputes, and accordingly, Defendant is not liable for any damages that could and should has been avoided or mitigated.

10.     Plaintiff's claims and the damages it seeks are barred because granting Plaintiff the relief it requests would result in unjust enrichment.

11.     Plaintiff's extra-contractual claims are barred because its contract claims are barred.

12.     Plaintiff's extra-contractual claims are barred because Plaintiff is charged with knowledge of the contents of its policy under Texas law.

13.     Defendant asserts offset/credit for amounts paid as a result of the insurance claim alleged to be the subject of this lawsuit, and for all applicable deductibles.

14.     In the event Plaintiff has any damages, Plaintiff has the burden of allocating between covered and uncovered damages.

15.     Under the doctrine of concurrent causation, Defendant does not owe coverage for damage caused by non-covered perils if covered and non-covered perils combined to create Plaintiff's alleged loss.

16.     Plaintiff cannot recover punitive or exemplary damages because such an award would be unconstitutional, illegal and against public policy.

17.     Defendant invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiff's pleading for punitive damages and/or exemplary damages is violative of the Fourteenth Amendment.  Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution, in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process.   Accordingly, Defendant invokes its rights under the Eighth and Fourteenth Amendments and respectfully requests that this Court disallow any award of punitive damages in as much as an award in this case would be violative of Defendant's constitutional rights.  Defendant further invokes its rights under the Fifth Amendment, as applied through the Fourteenth Amendment to the United States Constitution, wherein it reads in part "No person shall be . . . deprived of . . . property without due process of law. . . ."

18.     Defendant specifically pleads that any award of punitive damages must be supported by clear and convincing evidence.

19.     Defendant pleads that any punitive damages award is capped.

20.     Plaintiff's claims and the damages it seeks are barred because Plaintiff failed to take measures to protect the property from further damage or losses or to prevent ensuing damages or losses.

21.     Plaintiff has not complied with conditions precedent.

22.    Plaintiff's claim is barred based on failure of consideration.  Plaintiff did not purchase coverage for, nor did it pay premium for, alleged damages for which it now seeks coverage.

23.    Plaintiff's claim and the damages it seeks are barred to the extent it lacks an insurable interest in the property at issue.

24.    Plaintiff's claims are barred to the extent it is not an insured under Defendant's policy.

25.    Defendant asserts the defense of intervening or superseding cause as a bar to coverage for Plaintiff's claim, in whole or in part.

26.    Pursuant to Section 541.153 of the Texas Insurance Code Plaintiff's claims are barred and the Court should award Defendant its reasonable and necessary attorney's fees and court costs because Plaintiff's causes of action under that statute are groundless and brought in bad faith or for the purpose of harassment.

27.    Defendant cannot be liable to Plaintiff under Chapters 541 or 542 of the Texas Insurance Code because Plaintiff failed to provide Defendant with written notice of claim that reasonably apprised Defendant of the facts relating to Plaintiff's claim prior to suing Defendant.

28.    Defendant cannot be liable to Plaintiff under Chapters 541 or 542 of the Texas Insurance Code because Plaintiff sued Defendant prior to Plaintiff providing Defendant with any documentation or records or information relating to Plaintiff's claim, and prior to Plaintiff providing Defendant with requested necessary information and documentation or access to the property to allow Defendant to even engage in claims handling with respect to Plaintiff's claim.

29.    Plaintiff's claim and the damages it seeks are barred under Defendants' policy for any loss or damage that did not occur during the policy period.

30.     Plaintiff's claims are barred or limited by the conditions, definitions, exclusions, limitations, and other terms/provisions in Defendant's policy at issue and in the underlying primary and excess policies (respectively, Lexington primary policy, and Max Specialty and Essex excess policies) to which Defendant's policy follows form, subject to its own terms and conditions, and Defendant, therefore, incorporates herein by reference its entire policy and the underlying policies, and to the extent necessary, asserts affirmatively every condition, definition, exclusion, limitation, and every other term/provision in those policies, including but not limited to, the following.

31.     Defendant's excess policy applies "only after all primary and other underlying insurance has been exhausted."  (Homeland Policy, Amended Excess of Loss Agreement of Indemnity – Follow Form, I.)

32.     To the extent the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in the case of fraud or any false swearing by the insured relating thereto, the Policy shall be void. (Homeland Policy, Excess Property Conditions, 1. Misrepresentation and Fraud)

33.     Coverage under Defendant's policy is restricted by the operation of the "other insurance" clause in the policy.  (Homeland Policy, Excess Property Conditions, 4. Other Insurance)

34.     Plaintiff's claim and the damages it seeks are barred or limited to the extent Plaintiff failed to comply with the "protection of property" clause in Defendant's policy. (Homeland Policy, Excess Property Conditions, 5. Protection of Property)

35.     Plaintiff's claim and the damages it seeks are barred or limited to the extent Plaintiff failed to comply with the "proof of loss" clause in Defendant's policy. (Homeland Policy, Excess Property Conditions, 9. Proof of Loss)

36.     Plaintiff's claim is subject to the policy's appraisal provision. (Homeland Policy, Excess Property Conditions, 11. Loss Appraisal)

37.     Plaintiff's claim and the damages it seeks are barred or limited to the extent Plaintiff seeks to recover a portion of damage from Defendant that is in excess of Defendant's percentage participation in the $50 million limit of insurance provided by the third layer excess insurers collectively. (Homeland Policy, Declarations page, and Amended Excess of Loss Agreement of Indemnity – Following Form, IV. Excess Limit of Liability and Participation). Such layer is excess of "$50,000,000 each and every  loss occurrence plus applicable deductible(s)" as per the primary policy. (Homeland Policy, Amended Excess of Loss Agreement of Indemnity – Following Form, II.C. Total Sum of Underlying Insurance Limit(s))

38.     Defendant's liability for covered damage or loss is limited to a maximum of 20% of the loss amount that is over and above $50 million per each loss occurrence, and never more than (1) $10 million (20% of $50 million) in any one loss occurrence or (2) the interest of the insured, whichever is less. (Homeland Policy, Amended Excess of Loss Agreement of Indemnity – Following Form, IV. Excess Limit of Liability and Participation). And Defendant's liability will never exceed this amount "irrespective of the number of locations involved in the loss." (Homeland Policy, Loss Occurrence Limit of Liability Endorsement #3)

39.     Subject to the liability limit of Defendant's policy, Defendant's liability is "limited to the least of the following: (a) The actual adjusted amount of loss, less applicable deductible(s) and/or underlyer(s); (2) The reported value for each item of insurance insured at a

location shown on the latest reported values on file with this Insurance Company, less applicable deductibles and primary and underlying excess limits.  If no value, item or location is reported to this Insurance Company then there is no coverage; (c) The Limit of Liability or amount of insurance shown on the face of this policy or endorsement onto this policy." (Homeland Policy, Loss Occurrence Limit of Liability Endorsement #3).

40.    Defendant's policy does not insure against loss or damage caused directly or indirectly by "[f]lood, surface water,  . . ., all whether driven by wind or not; water which backs up through sewers or drains; water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basements or other floors, or though doors, windows or other openings in such sidewalks, driveways, foundations, walls or floors -  . . . ." "Such loss or damage is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Homeland Policy, Amended Excess of Loss Agreement of Indemnity–Following Form, Special Exclusions, B.)

41.    To the extent pollution and damages attributable to pollutants are applicable in this case, Defendant's policy does not insure against loss or damage caused directly or indirectly by "[a]ctual, alleged, or threatened release, discharge, dispersal or escape of toxic or hazardous substances, contaminants or pollutants, at any time regardless of whether sudden or accidental, all whether direct or indirect, proximate or remote, or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this Agreement.  The term 'pollutant' used in this clause is defined as any solid, liquid, gaseous or thermal irritant, including but not limited to vapor, fumes, acids, alkalis, chemicals and/or waste." "Such loss or damage is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Homeland Policy, Amended Excess of Loss Agreement of Indemnity–Following Form, Special

Exclusions, C.)  See also the absolute pollution exclusion in the Max Specialty policy and the exclusion in the Lexington policy excluding any coverage relating to pollution and pollutant clean-up and removal and debris that contains pollutants.  (Max Specialty policy, Absolute Pollutant and Asbestos Exclusions Endorsement, and Lexington policy, Pollution, Contamination, Debris Removal Exclusion Endorsement, 2., 3. and 4.)

      42.    Defendant's policy does not insure against loss or damage caused directly or indirectly by "1. Asbestos removal; 2. Demolition or increased cost of reconstruction, repair or debris removal necessitated by the enforcement of any law or ordinance regulating asbestos removal; 3. Any governmental direction or request declaring that asbestos present in or part of or utilized on any undamaged portion of the Insured's property can no longer be used for which it was intended or installed and must be removed or modified."  "Such loss or damage is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Homeland Policy, Amended Excess of Loss Agreement of Indemnity – Following Form, Special Exclusions, D.)  See also the Absolute Asbestos Exclusion of the Max Specialty policy, which provides that the policy "does not apply to any loss, demand, claim, occurrence, direct physical loss or damage, suit or expense arising out of or related in any way to asbestos or asbestos containing material or material that is alleged to has contained asbestos.  The company shall has no duty of any kind with respect to any such loss, demand, claim, occurrence, direct physical loss or damage, expense or suit.  This exclusion applies to all coverages under this policy." (Max Specialty policy, Absolute Pollutant and Asbestos Exclusions Endorsement)

      43.    Defendant's policy does not insure against loss or damage caused directly or indirectly by "costs, expenses, fines or penalties incurred or sustained by or imposed on the Insured at the order of any government agency, court or other authority arising from any cause

whatsoever." "Such loss or damage is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Homeland Policy, Amended Excess of Loss Agreement of Indemnity – Following Form, Special Exclusions, E.)

44. Defendant's Policy "does not apply to any loss or damage caused by or resulting from the actual or threatened existence, growth, release, transmission, migration, dispersal or exposure to 'Mold', 'Spores', or 'Fungus'. 'Mold', 'Spores', or 'Fungus' means any mold, spores, or fungus of any type that can cause or threaten physical damage, deterioration, loss of use or loss of value or marketability, to any tangible property whatsoever. This includes, but it is not limited to, any type(s) of mold, spores, or fungus that is damaging or potentially damaging to tangible property. Nor does this policy apply to the cost of removal, dispersal, decontamination or replacement of Insured property which has been contaminated by mold, spores, or fungus and by law or civil authority must be restored, disposed of, or decontaminated. Any such loss described above is excluded, regardless of any other cause of event that contributed concurrently or in any sequence to the loss." (Homeland Policy, Mold, Spores, or Fungus Exclusion, Endorsement #4).

45. Under Defendant's policy, property that is "not actually repaired, rebuilt or replaced within two (2) years after the date of destruction or damage, or within such further time as the Company may during the two (2) years, in writing, allow" will be valued at "actual cash value" as opposed to "replacement cost (without deduction for depreciation)." (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, II.G.)

46. Under Defendant's policy, "any loss to tenants' improvements and betterments to buildings if repaired or replaced at the expense of others for the use of the Insured" will be valued at "actual cash value" as opposed to "replacement cost (without deduction for

depreciation)." (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, II.H.)

47.     Under Defendant's policy, property that is "not actually repaired, rebuilt or replaced on the same premises," will be valued at "actual cash value" as opposed to "replacement cost (without deduction for depreciation)." (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, II.I.)

48.     Defendant's policy does not cover loss "[o]ccasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of building(s) or structure(s), unless such liability has been expressly assumed under this policy." (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, III.A.)

49.     Defendant's policy does not cover loss "unless and until the damaged or destroyed property is actually repaired or replaced by the Insured with due diligence and dispatch." (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, III.B.)

50.     Defendant's liability for loss where replacement cost applies "shall not exceed the smallest of the following amounts:  A. The amount of this policy applicable to the damaged or destroyed property; B. The replacement cost of the property or any part thereof identical with such property and intended for the same occupancy or use; or C. The amount actually and necessarily expended in repairing or replacing said property or any part thereof; D. The interest of the Insured."   (Homeland Policy, Replacement Cost Endorsement, Building(s) and Equipment, Endorsement #9, V.)

51.     Defendant's policy does not provide coverage for land, land values or water. (Lexington policy, Pollution, Contamination, Debris Removal Exclusion Endorsement, 1.)

52.     Defendant's policy excludes "loss, damage, costs, expenses, fines or penalties incurred or sustained by or imposed on the insured at the order of any Governmental Agency, Court or other Authority arising from any cause whatsoever." (Lexington policy, Pollution, Contamination, Debris Removal Exclusion Endorsement, 5. Authorities Exclusion)

53.     Defendant's policy excludes loss or damage caused directly or indirectly by "seizure or destruction of property by order of governmental authority." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 1.c. Governmental Action; *also see* Max Specialty policy, Policy Conditions, 7. and Essex policy, Policy Conditions, 7., which exclude Government Activities.)

54.     Defendant's policy excludes loss or damage caused directly or indirectly by "the failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the described premises." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 1.e. Power Failure)

55.     Defendant's policy excludes loss or damage caused by or resulting from "delay, loss of use or loss of market." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 2.b.)

56.     Defendant's policy excludes loss or damage caused by or resulting from wear and tear; rust, corrosion, fungus, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself; settling, cracking, shrinking or expansion; dampness or dryness of atmosphere' marring or scratching. (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 2.d.)

57.   Defendant's Policy excludes loss or damage caused by or resulting from "continuous or repeated seepage or leakage of water that occurs over a period of fourteen (14) days or more." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 2.f.)

58.   Defendant's policy excludes loss or damage caused by or resulting from "[a]cts or decisions, including the failure to act or decide, of any person, group, organizations or governmental body." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 3.b.)

59.   Defendant's policy excludes loss or damage caused by or resulting from "[f]aulty, inadequate or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises." (Lexington policy, Causes of Loss – Special Form, B. Exclusions, 3.c.)

60.   Defendant's policy does "not pay for loss or damage to: . . . [t]he interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (1) The building or structure first sustains damage by a Covered Cause of loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters." (Lexington policy, Causes of Loss – Special Form, C. Limitations, 1.c.)

61.   There is no coverage under Defendant's policy for any increase of business income loss or extra expense loss caused by or resulting from "[s]uspension, lapse or cancellation of any license, lease or contract.  But if the suspension, lapse or cancellation is directly caused by the suspension of 'operations', we will cover such loss that affects your Business Income during the 'period of restoration.'" (Lexington Policy, Causes of Loss - Special Form, B. Exclusions, 4. Special Exclusions, a.(3)(b)).

62.     There is no coverage under Defendant's policy for "[a]ny Extra Expense caused by or resulting from suspension, lapse or cancellation of any license, lease or contract beyond the 'period of restoration.'"  (Lexington Policy, Causes of Loss - Special Form, B. Exclusions, 4. Special Exclusions, a.(4)).

63.     There is no coverage under Defendant's policy relating to business income for "[a]ny other consequential loss."  (Lexington policy, Causes of Loss - Special Form, B. Exclusions, 4. Special Exclusions, a.(5)).

64.     Defendant's policy does not provide coverage for "[b]ridges, roadways, walks, patios or other paved surfaces; . . . Foundations of buildings . . . ; Land (including land on which the property is located), water, growing crops or lawns; . . . Retaining walls that are not part of the building  . . . ; Underground pipes, flues or drains;  . . . Fences, radio or television antennas [located outside of buildings]  . . . ; signs [not attached to buildings and located outside of buildings], or trees, shrubs or plants [located outside of buildings]," except as provided in the coverage extensions.  (Lexington policy, Building and Personal Property Coverage Form, 2. Property Not Covered)

65.     Plaintiff's claim and the damages it seeks are barred or limited to the extent Plaintiff failed to comply with its duties under the policy in the event of loss or damage, in one or more ways, including but not limited to, by failing to: report in writing, as soon as practicable, a loss giving rise to a claim under the policy; give prompt notice of the loss or damage and describe the property involved; give a description of how, when and where the loss or damage occurred; give a complete inventory of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed; take all reasonable steps to protect the covered property from further damage.  (Homeland Policy, Excess Property Conditions, 6.

Notice of Loss; and Lexington policy, Building and Personal Property Coverage Form, E. Loss Conditions, 3. Duties in the Event of Loss or Damage, d.).  Defendant has been prejudiced by Plaintiff's failure to comply with its duties under the policy.

66.    Plaintiff's claim and the damages it seeks are barred to the extent Plaintiff breached the policy by bringing this action against Defendant in contravention of the Suit provision, which states that "[n]o suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State. (Homeland policy, Excess Property Conditions, 12. Suit)

67.    Plaintiff's claim and the damages it seeks are barred to the extent Plaintiff breached the policy by bringing a legal action against Defendant in contravention of the policy provision that no legal action can be brought unless there has been full compliance with all terms of the Coverage Part, and the action was not brought within 2 years after the date on which the loss occurred.  (Lexington policy, Commercial Property Conditions, D.)

68.    Plaintiff's claim is barred for any loss or damage that did not occur during the policy period. (Lexington policy, Commercial Property Conditions, H.)

69.    The applicable deductible is 3% of the total insured value of each building involved in the loss or damage, subject to a minimum of $100,000.  (Lexington policy, Endorsement # 002.)

70.     To the extent applicable, any assignment of Defendant's policy to a third person is void pursuant to the provision that the "Insured's rights and duties under this policy may not be transferred without the Company's written consent except in the case of death of an individual Named Insured."  (Max Specialty policy, Policy Conditions, 17. and Essex policy, Policy Conditions, 17.)

71.     Defendant reserves the right to assert additional provisions as the case develops as there may be other provisions that apply of which Defendant has no present knowledge.

72.     Without waiving the foregoing and for further answer, Defendant reserves the right to amend its answer to Plaintiff's allegations after it has an opportunity to more closely investigate same, as is its right and privilege under the Federal Rules of Civil Procedure.

## IV.   **DEFENDANT'S ORIGINAL COUNTERCLAIM**

Defendant/Counter-Plaintiff Homeland Insurance Company of New York ("Defendant") files this Original Counterclaim complaining of Plaintiff/Counter-Defendant Texas Inwood Grove Apartments, L.P. ("Plaintiff") and shows the Court as follows:

### **Parties**

1.     Defendant is a foreign corporation organized under the laws of the state of New York, with its principal place of business in Canton, Massachusetts.

2.     Plaintiff is alleged by Plaintiff to be a Texas entity with its principal place of business in Harris County, Texas.  Plaintiff has already made an appearance in this action.

### **Venue**

3.     This Court has venue over this action pursuant to 9 U.S.C. § 205.

## Counterclaim

**A.**  **Texas Insurance Code**

4.      Plaintiff's claims under Texas Insurance Code §§ 541.001, *et. seq.* are groundless in fact and law.  Defendant seeks recovery of its reasonable and necessary attorneys' fees and costs incurred in defense of this groundless statutory action, pursuant to § 541.153 of the Texas Insurance Code.

## V.      PRAYER

Therefore, Defendant respectfully prays that upon full trial and final hearing, it be adjudged that Plaintiff takes nothing in this suit against Defendant, that Defendant recovers its reasonable attorneys' fees and costs for having to defend Plaintiff's groundless statutory claims, and that Defendant be awarded such other and further relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

By:   /s/ Jay W. Brown
        Jay W. Brown
        Texas Bar No. 03138830
        1100 JPMorgan Chase Tower
        600 Travis Street
        Houston, Texas  77002
        Telephone:  (713) 650-8400
        Facsimile:  (713) 960-1527

ATTORNEY-IN-CHARGE FOR DEFENDANT
HOMELAND INSURANCE COMPANY OF NEW YORK

Of Counsel
**WINSTEAD PC**
Hilary C. Borow
Texas Bar No. 00787106
Matthew A. Foytlin
Texas Bar No. 24062544
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002
Telephone:  (713) 650-8400
Facsimile:  (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record by e-filing in compliance with the applicable Federal Rules of Civil Procedure, on the 8th day of June 2012.

_____ */s/ Hilary C. Borow*_____
Hilary C. Borow

HOUSTON_1\1218832v1
53483-5  06/08/2012